CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLEON ELROY DILLARD,<br>    Petitioner, | Civil Action No. 7:08-cv-00416 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR GENE JOHNSON, et al.,<br>    Respondents. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Cleon Elroy Dillard, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint, pursuant to 42 U.S.C. § 1983. However, given the nature of Dillard's claims, the court will construe his complaint as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. As a § 2254 petition, however, this action must be dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1] Dillard offers no indication in this petition that he has exhausted state court remedies regarding his current claims that his term of confinement has been miscalculated by state authorities since revocation of his discretionary parole.

Dillard's complaint alleges that state authorities have miscalculated his mandatory and discretionary parole dates since his imprisonment following the revocation of his discretionary parole in 2006. He asserts that he should not have a mandatory parole date and that state authorities erred in failing to give him credit against his current term of confinement for the good conduct time he had earned before his release on discretionary parole. The only relief he seeks in this civil action is to have his term of confinement properly calculated. He believes that his current term of confinement as currently calculated is too long and that without correction of the miscalculation, he will be, or

---

[1] A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

1

is currently being, unlawfully confined.

As stated, Dillard styles his pleading as a civil rights complaint under § 1983. However, he does not demonstrate that the alleged miscalculations of his mandatory parole date, his good conduct credit, or his discretionary parole date are anything other than violations of state law. Such state law violations are not actionable under § 1983. See Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Moreover, allegations that one's good conduct time is being wrongfully calculated are actionable only as habeas claims. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). Because the "core" of Dillard's claims concern the fact or duration of his confinement, the court construes his pleading as a habeas petition. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted; if he has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. An inmate claiming that he is confined without lawful authority can exhaust his remedies by filing a state habeas petition in the circuit court where he was

convicted or directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition does not clearly show that petitioner has exhausted his state court remedies as required. Although the record indicates that Dillard presented his claims in grievances to prison authorities, he does not offer any indication that he has presented his claim of unlawful confinement to either the circuit court or to Supreme Court of Virginia. Petitioner's failure to demonstrate that he has exhausted his state court remedies mandates summary dismissal of his petition by this court without prejudice.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 28th day of July, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The court also notes that Dillard fails to explain in this § 2254 petition why he believes that the current calculation of his term of confinement violates his federal constitutional rights. Absent such a showing, he would not be entitled to habeas relief under § 2254 or to any injunctive relief under 42 U.S.C. § 1983.